[Civ. No. 7825. First Appellate District, Division Two.—June 17, 1931.]

R. E. JOHNSTON, Appellant, v. E. R. WHITEHEAD et al., Respondents.

60

David Cosgrave for Appellant.

.Ross & Ross for Respondents.

STURTEVANT, J.—Claiming that the defendants held moneys which the plaintiff theretofore had duly attached, the plaintiff commenced this action to recover the same. The trial court made findings in favor of the defendants and from a judgment entered thereon the plaintiff has appealed.

On the fourth day of December, 1926, H. C. Groom and Mary L. Groom, his wife, borrowed from the San Mateo Savings Bank the sum of $3,000 and secured the loan by a promissory note and deed of trust covering certain real property in Redwood City, San Mateo County. The respondents acted as trustees under the deed of trust. On December 17, 1926, the owners executed another note in favor of W. H. Pfafflin and executed a second deed of trust to secure its payment. The Grooms defaulted in payments of money called for by the bank's note and deed of trust with the result that after proceedings required by law, respondents as trustees sold the real property covered by the deed of trust at public auction on the twenty-sixth day of June, 1928. Several bids were made for the property. One A. Hess made a bid of $6,700. W. H. Pfafflin made the highest bid, of $6,800 and thereby became the purchaser of the property. In making his payments he surrendered his note, amounting to $2,780.86. He delivered a receipt in the amount of his lien, $504.11. He paid in cash $3,515.03. Edward T. Harrison, as trustee, gave his consent to the manner in which the payments were made. On the day of the sale respondents executed and

delivered to said W. H. Pfafflin a grant, bargain and sale deed of said real property so sold, which was on the following day recorded in the office of the county recorder of San Mateo County. The deed recites a consideration received by respondents in the sum of $6,800 in lawful money of the United States. Immediately after the sale, the obligation due the bank from Groom and his wife was satisfied. On the same day, and immediately after the deed from respondents to Pfafflin as purchaser of the property was recorded, appellant caused an attachment to be issued out of said superior court and served upon respondents in an action by appellant, as plaintiff, against H. C. Groom, as defendant, attaching all money and credits in the hands of respondents belonging to said Groom. The attachment was returned unsatisfied. Later on, after obtaining judgments against Groom in two certain superior court actions, appellant caused executions to be issued out of said superior court and by the sheriff served upon respondents and E. T. Harrison, trustee for Groom, and made a demand for the payment of money in their hands belonging to Groom, amounting to $2,116.27. The statement of respondents to the sheriff was to the effect that they had no moneys or credits in their hands belonging to said judgment debtor, H. C. Groom. The executions were returned unsatisfied.

At the time of the sale of said real property by said trustees, appellant claimed a lien against the same and W. H. Pfafflin claimed two liens against said property.

Setting forth the foregoing facts, the plaintiff claims that by reason of the sale under the bank's deed of trust by L. A. Behrens and E. R. Whitehead, trustees, for a sum in excess of the indebtedness due the bank, the surplus was levied upon in the hands of L. A. Behrens by virtue of the attachments. The defendants reply that L. A. Behrens was a substituted trustee under the bank's deed of trust for F. K. Towne and that at all times he was acting in that capacity. They also call attention to the fact that L. A. Behrens was not served as a trustee but solely as an individual. They also call attention to the fact that E. R. Whitehead was never served with the attachments in any capacity. Thereupon the defendants contend that, as individuals, they never at any time held any moneys belonging to Harry C. Groom. In this connection the defendants

assert that any moneys which came into their hands were received solely in a trust capacity. The entire record supports the defendants in this contention.

The plaintiff contends that after the defendants sold the properties they disbursed the moneys in an improper manner and are therefore liable. The defendants reply that the plaintiff's contention overlooks certain important facts. On August 6, 1927, Groom entered into a written agreement with Harrison that the latter would receive and hold Groom's properties in trust for certain of Groom's creditors, not including the plaintiff. Carrying out this agreement, on August 8, 1927, Groom deeded the properties to Harrison to enable him to carry out the terms of said agreement. The plaintiff contends that the agreement and deed were insufficient as a statutory assignment. To that contention the defendants reply that they do not claim otherwise, but that they do contend that as between the trustor and trustee and the creditors named in the written agreement dated August 6, 1927, the deed was valid, and they cite and rely on *Heath* v. *Wilson*, 139 Cal. 362, 366–368 [73 Pac. 182]. The contention is supported by the authority cited.

We do not understand the plaintiff to claim that he had a lien on August 8, 1927, the date of the deed to Edward T. Harrison, as trustee. As we have shown, that was a valid deed. After it was executed no interest remained in the grantors, at least until all creditors were paid. But it is an admitted fact that the proceeds coming into the hands of the trustee were not sufficient to pay the creditors. Therefore there never were at any time any moneys in the hands of these defendants, either as individuals or as trustees, in which Harry C. Groom and wife had any interest after the execution of the deed dated August 8, 1927. Moreover, before the attachments were served all moneys which had been received by the defendants had been wholly disbursed. The plaintiff claims that the entire sales price was not received by the defendants in cash. Whether it was or was not he may not complain, because he was not at any time connected with the title prior to August 8, 1927.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.